**Shi Qui GAO, Petitioner,**

v.

**Alberto R. GONZALES,[1] United States Attorney General, Respondent.**

**No. 04–1635–AG.**

United States Court of Appeals, Second Circuit.

Feb. 2, 2006.

Gang Zhou, New York, New York, for Petitioner.

Michael G. Heavican, United States Attorney for the District of Nebraska, Christian A. Martinez, Assistant United States Attorney, Omaha, Nebraska, for Respondent.

PRESENT: Hon. AMALYA L. KEARSE, Hon. SONIA SOTOMAYOR, and Hon. B.D. PARKER, Circuit Judges.

## SUMMARY ORDER

UPON DUE CONSIDERATION, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review of the order of the Board of Immigration Appeals ("BIA") is DENIED.

Shi Qui Gao petitions for review of the BIA's March 11, 2004 denial of his motion to reopen his removal proceedings. We presume the parties' familiarity with the underlying facts and the procedural history of this matter.

This Court reviews the BIA's denial of a motion to reopen for abuse of discretion. *See Kaur v. BIA,* 413 F.3d 232, 233 (2d Cir.2005) (per curiam). An abuse of discretion may be found where the BIA's decision "provides no rational explanation, inexplicably departs from established policies, is devoid of any reasoning, or contains only summary or conclusory statements; that is to say, where the Board has acted in an arbitrary or capricious manner." *Ke Zhen Zhao v. DOJ,* 265 F.3d 83, 93 (2d Cir.2001) (internal citations omitted). In reviewing the denial of a motion to reopen, this Court is precluded from passing on the merits of the underlying claim for relief; our review is confined to the merits of the denial. *Id.* at 89–90.

A motion to reopen must normally be filed within 90 days of a final administrative order of removal, exclusion, or deportation. *See* 8 C.F.R. § 1003.2(c)(2) (2004). Here, Gao's order of removal became final on January 15, 2003, when the BIA denied

---

**1.** Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Alberto R. Gonzales is automatically substituted for former Attorney General John Ashcroft as the respondent in this case.

Gao's appeal. Gao filed his motion to reopen on December 29, 2003, over 90 days after his order was final, and the BIA accordingly did not abuse its discretion in denying his motion for untimeliness.

Gao claims that, under *In re X–G–W–*, 22 I. & N. Dec. 71, Interim Decision 3352, 1998 WL 378104 (BIA 1998), the change in the law that occurred when the BIA decided *Matter of Y–T–L–*, 23 I. & N. Dec. 601, 2003 WL 21206539 (BIA 2003), justified an exception to the 90–day filing requirement under 8 C.F.R. § 1003.2 (formerly 8 C.F.R. § 3.2). However, in *In re G–C–L–*, 23 I. & N. Dec. 359, 2002 WL 1001051 (BIA 2002), the BIA explicitly superseded *In re X–G–W–* and held that it would no longer grant untimely motions to reopen based on changes in the law relating to coercive family planning policies.

For the foregoing reasons, the petition for review is DENIED.